1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8

| JOEL GREEN, an individual, | ) | CASE NO.: 2:16-cv-01861-JCC |
|---|---|---|
| | ) | |
| Plaintiff, | ) | STIPULATION FOR PROTECTIVE ORDER |
| v. | ) | |
| | ) | |
| SWEDISH HEALTH SERVICES, a | ) | |
| Washington Non-Profit Corporation, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

14    1.    PURPOSES AND LIMITATIONS

15         Discovery in this action is likely to involve production of confidential, proprietary, or

16    private information for which special protection may be warranted. Accordingly, the parties

17    hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The

18    parties acknowledge that this agreement is consistent with LCR 26(c). It does not confer blanket

19    protection on all disclosures or responses to discovery, the protection it affords from public

20    disclosure and use extends only to the limited information or items that are entitled to

21    confidential treatment under the applicable legal principles, and it does not presumptively entitle

22    parties to file confidential information under seal.

23

STIPULATION FOR PROTECTIVE
ORDER (2:16-cv-01861-JCC) – Page 1

24

ROCKE | LAW Group, PLLC
101 Yesler Way, Suite 603
Seattle, WA 98104
(206) 652-8670

2.   "CONFIDENTIAL" MATERIAL

"Confidential" material shall include the following documents and tangible things produced or otherwise exchanged:

(a):   Protected health care information for current or former employees of Swedish Health Services;

(b):   Social Security Numbers and dates of birth for current or former employees of Swedish Health Services;

(c):   Financial information for current or former employees of Swedish Health Services;

(d):   Personnel files of non-parties.

3.   SCOPE

The protections conferred by this agreement cover not only confidential material (as defined above), but also (1) any information copied or extracted from confidential material; (2) all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal confidential material. However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

4.   ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

4.1   Basic Principles.  A receiving party may use confidential material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Confidential material may be disclosed only to the categories of persons and under the conditions described in this agreement. Confidential

STIPULATION FOR PROTECTIVE
ORDER (2:16-cv-01861-JCC) – Page 2

ROCKE | LAW Group, PLLC
101 Yesler Way, Suite 603
Seattle, WA 98104
(206) 652-8670

material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

4.2     Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any confidential material only to:

(a)  the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b)  the officers, directors, and employees (including in house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation, unless the parties agree that a particular document or material produced is for Attorney's Eyes Only and is so designated;

(c)  experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)  the court, court personnel, and court reporters and their staff;

(e)  copy or imaging services retained by counsel to assist in the duplication of confidential material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any confidential material to third parties and to immediately return all originals and copies of any confidential material;

(f)  during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal confidential material must

STIPULATION FOR PROTECTIVE
ORDER (2:16-cv-01861-JCC) – Page 3

ROCKE | LAW Group, PLLC
101 Yesler Way, Suite 603
Seattle, WA 98104
(206) 652-8670

be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this agreement;

(g)  the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

4.3     Filing Confidential Material. Before filing confidential material or discussing or referencing such material in court filings, the filing party shall confer with the designating party to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

5.   DESIGNATING PROTECTED MATERIAL

5.1     Exercise of Restraint and Care in Designating Material for Protection.  Each party or non-party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to

ROCKE | LAW Group, PLLC
101 Yesler Way, Suite 603
Seattle, WA 98104
(206) 652-8670

1   unnecessarily encumber or delay the case development process or to impose unnecessary

2   expenses and burdens on other parties) expose the designating party to sanctions.

3       If it comes to a designating party's attention that information or items that it designated for

4   protection do not qualify for protection, the designating party must promptly notify all other

5   parties that it is withdrawing the mistaken designation.

6       5.2     Manner and Timing of Designations.  Except as otherwise provided in this

7   agreement (see, *e.g.*, second paragraph of section 5.2(a) below), or as otherwise stipulated or

8   ordered, disclosure or discovery material that qualifies for protection under this agreement must

9   be clearly so designated before or when the material is disclosed or produced.

10          (a)  Information in documentary form: (*e.g.*, paper or electronic documents and

11  deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings),

12  the designating party must affix the word "CONFIDENTIAL" to each page that contains

13  confidential material. If only a portion or portions of the material on a page qualifies for

14  protection, the producing party also must clearly identify the protected portion(s) (*e.g.*, by

15  making appropriate markings in the margins).

16          (b)  Testimony given in deposition or in other pretrial or trial proceedings: the

17  parties must identify on the record, during the deposition, hearing, or other proceeding, all

18  protected testimony, without prejudice to their right to so designate other testimony after

19  reviewing the transcript.  Any party or non-party may, within fifteen days after receiving a

20  deposition transcript, designate portions of the transcript, or exhibits thereto, as confidential.

21          (c)  Other tangible items: the producing party must affix in a prominent place on

22  the exterior of the container or containers in which the information or item is stored the word

23

24

STIPULATION FOR PROTECTIVE
ORDER (2:16-cv-01861-JCC) – Page 5

ROCKE | LAW Group, PLLC
101 Yesler Way, Suite 603
Seattle, WA 98104
(206) 652-8670

"CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

5.3    Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this agreement for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1    Timing of Challenges.  Any party or non-party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2    Meet and Confer.  The parties must make every attempt to resolve any dispute regarding confidential designations without court involvement. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

STIPULATION FOR PROTECTIVE
ORDER (2:16-cv-01861-JCC) – Page 6

ROCKE | LAW Group, PLLC
101 Yesler Way, Suite 603
Seattle, WA 98104
(206) 652-8670

6.3   Judicial Intervention.  If the parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain confidentiality under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of persuasion in any such motion shall be on the designating party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

7.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that party must:

(a)  promptly notify the designating party in writing and include a copy of the subpoena or court order;

(b)  promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement; and

(c)  cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose confidential material may be affected.

8.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential material to any person or in any circumstance not authorized under this agreement, the receiving

STIPULATION FOR PROTECTIVE
ORDER (2:16-cv-01861-JCC) – Page 7

ROCKE | LAW Group, PLLC
101 Yesler Way, Suite 603
Seattle, WA 98104
(206) 652-8670

1  party must immediately (a) notify in writing the designating party of the unauthorized

2  disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c)

3  inform the person or persons to whom unauthorized disclosures were made of all the terms of this

4  agreement, and (d) request that such person or persons execute the "Acknowledgment and

5  Agreement to Be Bound" that is attached hereto as Exhibit A.

6  9.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED

7       MATERIAL

8       When a producing party gives notice to receiving parties that certain inadvertently

9  produced material is subject to a claim of privilege or other protection, the obligations of the

10  receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This

11  provision is not intended to modify whatever procedure may be established in an e-discovery

12  order or agreement that provides for production without prior privilege review. Parties shall

13  confer on an appropriate non-waiver order under Fed. R. Evid. 502.

14  10.  NON TERMINATION AND RETURN OF DOCUMENTS

15       Within 60 days after the termination of this action, including all appeals, each receiving

16  party must return all confidential material to the producing party, including all copies, extracts

17  and summaries thereof.  Alternatively, the parties may agree upon appropriate methods of

18  destruction.

19       Notwithstanding this provision, counsel are entitled to retain one archival copy of all

20  documents filed with the court, trial, deposition, and hearing transcripts, correspondence,

21  deposition and trial exhibits, expert reports, attorney work product, and consultant and expert

22  work product, even if such materials contain confidential material.

23

STIPULATION FOR PROTECTIVE
ORDER (2:16-cv-01861-JCC) – Page 8

24

1    The confidentiality obligations imposed by this agreement shall remain in effect until a

2    designating party agrees otherwise in writing or a court orders otherwise.

3    IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

4

5
     DATED: March 24, 2017                    s/ Aaron V. Rocke
6                                             Aaron V. Rocke, WSBA No. 31525
                                              Rocke Law Group, PLLC
7                                             101 Yesler Way, Suite 603
                                              Seattle, WA 98104
8                                             (206) 652-8670
                                              aaron@rockelaw.com
9                                             Attorneys for Plaintiff Joel Green

10
     DATED: March 17, 2017                    s/ Ryan Hammond approved via 3/17/17 email
11                                            Ryan P. Hammond, WSBA No. 38888
                                              Vanessa B. Lee, WSBA No. 46547
12                                            LITTLER MENDELSON, P.C.
                                              One Union Square
13                                            600 University Street, Suite 3200
                                              Seattle, WA 98101-3122
14                                            (206) 623-3300
                                              rhammond@littler.com
15                                            vblee@littler.com
                                              Attorneys for Defendant Swedish Health Services
16

17   PURSUANT TO STIPULATION, IT IS SO ORDERED.

18   DATED: 3/30/17
                                              John C. Coughenour
19                                            United States District Judge

20

21

22

23
     STIPULATION FOR PROTECTIVE                              ROCKE | LAW Group, PLLC
     ORDER (2:16-cv-01861-JCC) – Page 9                      101 Yesler Way, Suite 603
24                                                           Seattle, WA 98104
                                                             (206) 652-8670

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I,       [print or type full name], of [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Western District of Washington on _____, 2017, in the case of **Joel Green v. Swedish Health Services, Case No. 2:16-cv-01861-JCC**. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Western District of Washington for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

STIPULATION FOR PROTECTIVE
ORDER (2:16-cv-01861-JCC) – Page 10

ROCKE | LAW Group, PLLC
101 Yesler Way, Suite 603
Seattle, WA 98104
(206) 652-8670